PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Mazda III struck a hole on Eldersville Road, designated as Alternate Route 27, in Follansbee, Brooke County. Alternate Route 27 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:35 p.m. on September 3, 2008. Alternate Route 27 is a paved, two-lane road with center lines and edge lines. The speed limit is forty miles per hour. At the time of the incident, claimant was driving west at approximately thirty-five miles per hour when his vehicle struck a hole in the road. The hole had jagged edges and was approximately two feet long, two feet wide, and four inches deep.[7] Claimant could not have avoided the hole due to oncoming traffic. Claimant traveled on this road two weeks prior to this incident, but he did not recall seeing the hole at that time. As a result of this incident, claimant’s vehicle sustained damage to its rim, and the vehicle’s tires needed to be re-aligned. Thus, claimant’s damages total $551.94. Since claimant’s insurance deductible at the time of the incident was $250.00, claimant’s recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on Alternate Route 27. Craig Sperlazza, Highway Administrator for respondent in Brooke County, testified that Alternate Route 27 is a third priority road in terms of its maintenance. Mr. Sperlazza stated that there are a lot of homes in that area, and Alternate Route 27 is a highly traveled road. *48 According to respondent’s DOH12, a record of respondent’s work activity, respondent’s crew was patching holes with hot mix from mile post 3.7 to mile post 4.9 on August 13,2008. Claimant’s incident occurred within this area. Mr. Sperlazza could not recall whether respondent received complaints regarding the condition of the road prior to this incident. Although respondent has employees that travel this road on a daily basis, Mr. Sperlazza does not recall if they informed him that this particular area needed attention.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v.Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Although respondent had performed maintenance in this area, the patchwork proved inadequate at the time of claimant’s incident. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.

 Although claimant indicated that the hole was four feet deep, the Court assumes that the claimant meant four inches deep.